Matter of Kaylin P. (Derval S.) (2019 NY Slip Op 02291)





Matter of Kaylin P. (Derval S.)


2019 NY Slip Op 02291


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


8807 8806

[*1]In re Kaylin P., and Another, Children Under Eighteen Years of Age, etc., Derval S. Respondent-Appellant, Administration for Child Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.



Appeal from order of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about May 3, 2018, which released respondent's biological son, Mason S., to the custody of his mother with court-ordered supervision for six months, released Kaylin P., a child for whom he was legally responsible, to her biological father for six months with court-ordered supervision, and directed respondent to comply with certain terms and conditions including that he complete a sex offender program and abide by a final order of protection, also dated May 3, 2018, that prohibits him from having any contact with Kaylin P. until December 30 2019, her 18th birthday, unanimously dismissed, without costs. Appeal from a fact-finding order, same court and Judge, entered on or about September 27, 2016, which, inter alia, found that respondent sexually abused and neglected Kaylin P., and from a fact-finding order, same court and Judge, entered on or about April 19, 2018, which found Mason S., to be derivatively abused and neglected, unanimously dismissed, without costs, as abandoned.
The dispositional order was entered upon respondent's consent, after full and active participation at the proceeding, and thus he is not an aggrieved party within the meaning of CPLR 5511 (Matter of Desmond S., 97 NY2d 693, 693 [2002]; Matter of Nafees F., 162 AD3d 416 [1st Dept 2018]).
We have considered appellant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK